UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITES STATES OF AMERICA, )<br>)<br>v. )<br>)<br>ANDRES GARAY, )<br>    Defendant. )<br>) | C.R. No. 21-62-JJM-PAS |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Before the Court is Defendant Andres Garay's Motion to Dismiss the indictment based on the alleged violation of his Sixth Amendment right to a speedy trial. ECF No. 297. For the reasons stated below, the Court DENIES the Motion to Dismiss.

I. BACKGROUND

On June 9, 2021, Mr. Garay was arrested for conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine. *See* ECF No. 1. That day, Mr. Garay made his initial appearance, at which the Court ordered he be detained. Minute Entry (Jun. 9, 2021). Nine days later, an indictment charged Mr. Garay with: (1) conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine; and (2) possession with intent to distribute 500 grams or more of cocaine. ECF No. 10. On November 3, 2021, a grand jury returned a superseding indictment that charged Mr. Garay—and his four other co-defendants—

with kidnapping, in addition to the conspiracy and drug trafficking charges that were in the original indictment. ECF No. 30 at 1-4.

Over a month later, Mr. Garay was arraigned on those charges and the Court granted his request for additional time to prepare and file pretrial motions—providing April 12, 2022 as the deadline. ECF No. 46. Four days before the pretrial motions' deadline, Mr. Garay and his co-defendants jointly moved for an extension of that deadline to allow time for them to review and assess the large volume of discovery the Government provided them.[1] ECF No. 52. The Court granted the motion and placed the case on the September 2022 Trial Calendar. Text Order (Apr. 21, 2022).

On August 30, 2022, co-defendant Alijah Parsons' counsel moved to withdraw as counsel at Ms. Parsons' request and moved to continue the trial to November 2022—citing Ms. Parsons' request for his withdrawal and the fact that discovery was incomplete. *See* ECF Nos. 71, 72. The Court granted the motion to continue, placing the case on the November 2022 Trial Calander as to all the Defendants. Text Order (Aug. 31, 2022). Over a month later, Mr. Garay's counsel moved to withdraw as counsel at Mr. Garay's request, which the Court granted. ECF No. 77; Text Order (Oct. 27, 2022). Soon after, the Government moved to continue the case to the March 2023 Trial Calander, citing the ongoing discovery, the recent appointment of new

---

[1] A month later, the Court appointed a special coordinator to help the Defendants organize and review the large volume of electronic discovery they anticipated due to the complexity of this multi-defendant, drug trafficking conspiracy case. *See* Text Order (May 23, 2022).

counsel for Mr. Garay and Ms. Parsons, and an imminent presentment of a second superseding indictment. *See* ECF No. 80. The Court granted the motion, moving the case to the March 2023 Trial Calander. Text Order (Nov. 22, 2022).

On January 30, 2023, co-defendant Robert Hall filed a motion to continue the case to the August 2023 Trial Calander to give him time to review the extensive discovery related to the additional charge against him from the second superseding indictment returned in November 2022. ECF No. 92. The Court granted the motion, moving the case to the August 2023 Trial Calander. Text Order (Jan. 31, 2023). In light of extending pretrial deadlines and Mr. Hall's motion for a continuance for additional time to review discovery and prepare for trial, ECF No. 178, the Court placed the case on the January 2024 Trial Calander, setting January 22, 2024 as the tentative trial start date. Text Order (Aug. 3, 2023); Text Order (Jul. 28, 2023). In the subsequent months, Mr. Garay and his co-defendants filed several substantive pretrial motions. Due to the complexity and breadth of the issues implicated in the Defendants' suppression motions and hundreds of proposed exhibits the parties needed to analyze, the Court cancelled the trial notice for January 22, 2024. ECF No. 254.

On January 24, 2024, the Court issued an order that granted two of the Defendants' motions to suppress, suppressing evidence from five phone warrants and historical cell-site location information ("CSLI") related to a mobile device. *See* ECF No. 262. The next week, the Government moved for the Court to reconsider or clarify its order, *see* ECF Nos. 264, 268, which the Court denied, ECF No. 289. The

3

Government timely appealed the Court's suppression order to the First Circuit. ECF No. 292. Thus, the Court stayed proceedings in this case during the pendency of that appeal. *See* Text Order (Mar. 25, 2024). The same day, Mr. Garay filed this motion to dismiss his indictment, asserting that the Government violated his Sixth Amendment right to a speedy trial. *See* ECF No. 297.

On January 15, 2025, the First Circuit issued a judgment vacating the Court's suppression order. ECF No. 327. In March, the First Circuit issued a formal mandate in accordance with the judgment, after which the Court—over the Government's objection—did not set a trial date to give the Defendants time to decide whether to file a petition for writ of certiorari. *See* ECF 336 at 4-5. The Defendants decided not to file a petition, *see id.* at 5, and thus the Court held a trial scheduling conference, in which it instructed the parties to submit their schedules. Minute Entry (Apr 30, 2025); *see* ECF No. 334. Considering the parties' schedules, the Court continued the case and set January 26, 2026 as the trial start date. Text Order (May 2, 2025). The Court also ordered the parties to file new briefing on Mr. Garay's motion to dismiss his indictment, considering the posture of the case changed after the First Circuit issued its mandate. *See id.* Now, the motion is fully briefed and ripe for adjudication.

## II.  STANDARD OF REVIEW

The Sixth Amendment of the United States Constitution protects a criminal defendant's right to a speedy trial. *See* U.S. Const. amend. VI. Four factors are considered when determining whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of delay; (2) the reason for the delay; (3) the

4

defendant's assertion of his right; and (4) the prejudice to the defendant. *United States v. Reyes*, 24 F.4th 1, 28 (1st Cir. 2022). "No single factor is dispositive, but rather courts must weigh the factors on a case-by-case basis together with such other circumstances as may be relevant." *Id.* (citations and quotations omitted).

## III. DISCUSSION

### A. Length of Delay

The length of delay factor serves as a "'triggering mechanism,' meaning that '[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors.'" *Reyes*, 24 F.4th at 29 (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Generally, a delay of around one year—between the arrest or indictment and the trial date—is considered presumptively prejudicial. *Id.* (citing *United States v. Handa*, 892 F.3d 95, 102 (1st Cir. 2018)). Here, both parties agree that the length of delay exceeds one year. There is a 55-month delay between Mr. Garay June 2021 arrest and January 26, 2026, the date set for his trial. Therefore, this multi-year delay is presumptively prejudicial, and the length of delay factor weighs in Mr. Garay's favor.

### B. Reason for Delay

The reasons for delay are the "focal inquiry" in this four part test. *Reyes*, 24 F.4th at 29 (quoting *United States v. Muñoz-Franco*, 487 F.3d 25, 60 (1st Cir. 2007)). "[D]ifferent weights should be assigned to different reasons." *Barker,* 407 U.S at 531. "A deliberate attempt to delay the trial . . . should be weighted heavily against the government." *Id.* A neutral reason like "negligence or overcrowded courts" should be

5

considered but weighted less heavily. *Id.* Lastly, "a valid reason, such as a missing witness, should serve to justify appropriate delay." *Id.* "The defendant bears the burden of proving bad faith or inefficiency on the part of the government in causing the delay." *Reyes*, 24 F.4th at 29 (citing *United States v. Lara*, 970 F.3d 68, 82 (1st Cir. 2020)).

Here, Mr. Garay asserts that the reasons for delay arise from the Government's: (1) "negligent, haphazard, and seemingly random production of discovery;" and (2) interlocutory appeal of the Court's suppression order. ECF No. 297-1 at 5. To support his negligence argument, Mr. Garay asserts that between July 2022 and December 2023, the Government had produced twenty-four separate discovery production consisting of "100's of gigabytes of data." ECF No. 335 at 6. While acknowledging the complexity of gathering and disclosing the video, phone, and CSLI evidence in this multi-defendant case, Mr. Garay asserts that the Government's "slow and haphazard" evidence disclosure added months of unnecessary delay to this case because of the time the Defendants had to expend on reviewing such evidence and its implications upon each disclosure. *Id.* at 6-7.

But, as Mr. Garay recognizes, this is a complex drug trafficking conspiracy case (even more complex by the addition of the kidnapping charges) involving multiple defendants. This case has involved a continuous production of discovery documents, with the Government producing more than 67,000 pages and hundreds of hours of audio and video, to date. *See* ECF No. 333. The nature and extent of the necessary discovery and the time necessary for the Government to comply with its discovery

6

obligations in this multi-defendant case, justifies the timing and volume of the Government's numerous discovery productions. And Mr. Garay does not identify any evidence illustrating that the delay caused by the Government's continuing production of discovery was due its misconduct or negligence.[2]

Furthermore, Mr. Garay ignores he and his co-defendants' contributions to this delay between his arrest and the upcoming trial. Mr. Garay and his co-defendants filed multiple motions for continuances or for extensions to pretrial motion filing deadlines—which the Court granted. *See* ECF Nos. 24, 52, 72, 178, 205. Not once did Mr. Garay request a severance to escape the delays arising from his co-defendants' motions. Additionally, Mr. Garay sought and obtained new counsel in October 2022—fourteen months after his arrest—which necessarily required the Court to continue proceedings to allow time for new counsel to prepare. *See* ECF No. 80. Lastly, Mr. Garay and his co-defendants filed numerous pretrial motions, of which required the Government's response and the Court's time and consideration to resolve.

As to Mr. Garay's arguments regarding the delay that the Government's interlocutory appeal caused, he has not illustrated that such appeal was "clearly

---

[2] To support his negligence allegations, Mr. Garay notes that he moved for sanctions, *see* ECF No. 250, based on the Government's disclosure of 3,000 "relevant" emails about a month before trial was slated to start in January 2024. ECF No. 297-1 at 7. However, even if those emails were discoverable, the timing of their disclosure did not contribute to any delay in this case. Rather, the Court cancelled the January 2024 trial notice so it could have time to fully consider the complex suppression motions the Defendants filed. *See* ECF No. 254. As Mr. Garay acknowledges, the trial date cancellation gave him sufficient time to review the emails. *See* ECF No. 279-1 at 7.

7

tangential or frivolous" as to prompt the Court to weigh the resulting delay heavily against the Government. *See United States v. Loud Hawk*, 474 U.S. 302, 315–16 (1986) ("[A] delay resulting from an appeal would weigh heavily against the Government if the issue were clearly tangential or frivolous."). Rather, absent a showing of bad faith or dilatory purpose, the Government's interlocutory appeal was a valid reason for the delay it caused. *See id. at* 316 ("Given the important public interests in appellate review . . . an interlocutory appeal by the Government ordinarily is a valid reason that justifies delay."). And the appeal was not frivolous—the Government was successful in getting this Court's suppression order overturned.

Accordingly, because the delay in this case is largely attributable "to the needs of codefendants, rather than any slothfulness on the government's part," this second factor weighs against a finding speeding trial violation. *Lara*, 970 F.3d at 82 (quoting *United States v. Vega Molina*, 407 F.3d 511, 533 (1st Cir. 2005)).

C.     Assertion of Speedy Trial Right

"[T]he defendant's assertion of his speedy trial right, 'is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right.'" *United States v. Santiago–Becerril*, 130 F.3d 11, 22 (1st Cir. 1997) (quoting *Barker*, 407 U.S. at 531–32). A defendant's failure to assert the right will make it difficult for him to prove he was denied a speedy trial. *Id.* (citing *Barker*, 407 U.S. at 532). Thus, prior to asserting a speedy trial violation, a defendant should give some indication that he wants to proceed to trial. *Id.* (citing *United States v. Henson*, 945 F.2d 438-39, 437 (1st Cir.1991)).

Here, Mr. Garay made his first demand for a trial nearly three years after his arrest, when he moved to dismiss the indictment for lack of speedy trial after the Court stayed this case because of the Government's appeal. *See* ECF No. 297. Waiting that long to assert the right to a speedy trial—especially after making or acquiescing to multiple requests for additional time—does not indicate a zealous pursuit of such right. Accordingly, the third factor of this inquiry cuts against Mr. Garay.

### D. Prejudice

The final factor, prejudice, "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. Those interests are: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety and concern; and (3) limiting the possibility that the defense will be impaired. *Id.* The last interest is the most serious "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

Here, the over four-year gap between Mr. Garay's arrest and the presumptive start of trial in January 2026 is troublesome, considering that Mr. Garay has been detained since his arrest. The Supreme Court has noted that lengthy pretrial incarceration prescribes a host of societal disadvantages to the accused, such as job loss, disruptions to family life, and idleness. *Barker,* 407 U.S. at 532. It is fair to assume that Mr. Garay has been subject to these disadvantages due to his lengthy incarceration. That said, "lengthy detention is not necessarily . . . sufficient to

9

establish a constitutional level of prejudice." *United States v. Casas*, 425 F.3d 23, 34 (1st Cir. 2005) (quoting *Santiago–Becerril*, 130 F.3d at 23) (internal quotations omitted). Rather, the other counterbalancing factors in this inquiry outweigh the deficiency arising from Mr. Garay's lengthy incarceration, thus preventing constitutional error. Further, Mr. Garay has not alleged that the conditions of his confinement have been unduly oppressive. Nor has he made a showing of any anxiety and concern arising from "undue pressure." *Henson*, 945 F.2d at 438 (noting that only "undue pressures" are considered for the "anxiety and concern" inquiry, rather than the "considerable anxiety [that] normally attends the initiation and pendency of criminal charges.").

Lastly, Mr. Garay has not illustrated how the delay in this case has caused any impairment to his defense. In fact, the delay to allow counsel to review and analyze enormous amounts of discovery, may advantage Mr. Garay and his co-defendants. While he alleges that the way the Government has produced discovery has created a "confusing atmosphere," *see* ECF No. 297 at 7, he does not articulate the impact of such an atmosphere on his ability to prepare an adequate defense. Nor does he alleged that the delay, in general, has "interfered in any way with [his] ability to present evidence or obtain the testimony of witnesses . . . ." *United States v. Munoz-Amado*, 182 F.3d 57, 63 (1st Cir. 1999) (citing *United States v. Colombo*, 852 F.2d 19, 25-26 (1st Cir. 1988)). Therefore, this pertinent interest does not weigh in Mr. Garay's favor.

## IV. CONCLUSION

Upon applying the relevant balancing test, the record does not support a finding that Mr. Garay's constitutional right to a speedy trial was violated. According, the Court DENIES Mr. Garay's Motion to Dismiss. ECF No. 297.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

July 30, 2025